IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FIELDTURF USA, INC., a Florida corporation, and FIELDTURF TARKETT INC., a Canadian company,<br><br>Plaintiffs,<br><br>v.<br><br>AIRSIDE TURF, INC., a Michigan corporation, and JOSEPH DOBSON, an individual,<br><br>Defendants. | CIVIL ACTION NO.: 07-11306 |

## FIELDTURF'S MOTION FOR EXPEDITED AND EARLY DISCOVERY

Plaintiffs, FieldTurf USA, Inc. and FieldTurf Tarkett Inc. (collectively referred to herein as "FieldTurf"), by and through their undersigned counsel of record, respectfully move this Court for entry of an order allowing FieldTurf to undertake a "limited" amount of discovery commencing immediately and on an accelerated basis.

The present motion requests that the Court issue an order:

1. compelling the Defendants to produce all documents responsive to the four requests identified in the "Proposed Expedited Discovery Document Requests" (attached hereto as Exhibit A) within 10 days after entry of an order compelling same;

2. compelling the Defendants to make Mr. Joseph Dobson available for his deposition, within one week after production of the requested documents, solely on the topics identified in the "Proposed Notice of Deposition of Mr. Joseph Dobson" (attached hereto as Exhibit B); and

3. authorizing FieldTurf to issue third party subpoenas and take the deposition of various third parties, commencing immediately after production of the requested documents, relative to the topics identified in the "Proposed Notice of Deposition of Third Party" (attached hereto as Exhibit C).

The requested discovery is necessary to enable FieldTurf to move for expedited preliminary injunctive relief so that the irreparable harm to FieldTurf's business viability and the reputation can be stopped.

## CERTIFICATION OF LOCAL RULE 7.1

Pursuant to L.R. 7.1(a), the undersigned counsel for the Plaintiffs, FieldTurf USA, Inc. and FieldTurf Tarkett Inc. (collectively referred to herein as "FieldTurf"), hereby certify that counsel for the Defendants, Joseph Dobson and AirSide Turf, Inc. were contacted on March 29, 2007 to explain the nature of the motion and requested concurrence in the relief sought, but no resolution was reached.

**WHEREFORE**, FieldTurf respectfully requests that the Court grant this Motion for Expedited Discovery and issue an Order:

(1) Allowing FieldTurf to immediately serve the discovery attached hereto as Exhibits A-C;

(2) Compelling Defendants to produce the documents requested in Exhibit A within 10 days from the date of service;

(3) Compelling Mr. Joseph Dobson to be available for his deposition, relative to the topics identified in Exhibit B, within one week after production of the requested documents; and

(4)    Authorizing FieldTurf to immediately serve third party subpoenas and arrange for the depositions of third parties, relative to the topics identified in Exhibit C.

    Respectfully submitted

DATED: March 29, 2007    /s/ Jovan N. Jovanovic
Jovan N. Jovanovic (P66644)
The Watson IP Group, PLC
3133 Highland Drive, Suite 200
Hudsonville, MI 49426
(616) 855-1521 Telephone
(866) 369-7391 Facsimile
Jjovanovic@watson-ip.com

ATTORNEYS FOR PLAINTIFFS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FIELDTURF USA, INC., a Florida corporation, and FIELDTURF TARKETT INC., a Canadian company,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AIRSIDE TURF, INC., a Michigan corporation, and JOSEPH DOBSON, an individual,<br><br>　　　　　　　Defendants. | CIVIL ACTION NO.:  07-11306 |

## MEMORANDUM IN SUPPORT OF FIELDTURF'S MOTION
## FOR EXPEDITED AND EARLY DISCOVERY

FieldTurf has respectfully moved this Court, in FieldTurf's Motion for Expedited and Early Discovery (the "Motion"), for entry of an order allowing FieldTurf to undertake a limited amount of discovery commencing immediately and on an accelerated basis.

The Motion requests the Court to issue an order: granting FieldTurf leave to immediately serve four document requests (as will be explained below; *see also* Exhibit A to the Motion); compelling Defendants to produce the requested documents within 10 days of service; compelling Defendant Mr. Joseph Dobson to make himself available for his deposition (relative to the topics identified in Exhibit B to the Motion) within one week after production of the requested documents; and granting FieldTurf leave to immediately serve third party subpoenas and arrange for third party depositions (relative to the topics identified in Exhibit C to the Motion).

**INTRODUCTION AND FACTUAL BACKGROUND**

FieldTurf is filing concurrently with the Motion a Verified Amended Complaint against Defendants Joseph Dobson ("Dobson") and AirSide Turf, Inc. ("AirSide Turf") and a Motion for *Ex Parte* Temporary Restraining Order and Preservation of Documents, Software, and Things to seek temporary injunctive relief to temporarily remedy Dobson's actual and continued misappropriation of FieldTurf's highly confidential, proprietary, and trade secret information. FieldTurf also seeks temporary injunctive relief against Dobson from inevitably disclosing and/or relying upon FieldTurf's highly confidential, proprietary, and trade secret information in the performance of his duties at AirSide Turf. FieldTurf further seeks temporary injunctive relief against Airside Turf from interfering with FieldTurf's business relationships and unfairly competing against FieldTurf by utilizing FieldTurf's highly confidential, proprietary, and trade secret information.

As explained in more detail in the Verified Amended Complaint, the Motion for *Ex Parte* Temporary Restraining Order and Preservation of Documents, Software, and Things, and the Memorandum in Support, Dobson was the Vice President of Air FieldTurf (a division of FieldTurf). In that capacity, Dobson was privy to Air FieldTurf's confidential, proprietary, and trade secret information, such as, each of FieldTurf's products, trade secrets, proprietary trade practices, know-how, manufacturing techniques, key employee lists, financial information, customer lists, marketing strategies, product specifications, composition of synthetic turf products, and the identity of Air FieldTurf's actual and potential customers.

After Dobson's association with Air FieldTurf ceased on or about December of 2005, he formed a company called AirSide Turf, Inc. to, on information and belief, compete against FieldTurf in the synthetic turf industry for use in airports. Recently, FieldTurf has learned that

Dobson has been improperly disseminating FieldTurf's confidential, proprietary, and trade secret information to interfere with and unfairly compete against FieldTurf's business.

Specifically, FieldTurf has learned that Dobson has consulted with and/or brokered deals for competitors of FieldTurf, namely, AvTurf, LLC, Sportexe, and/or Triexe Management. By doing so, FieldTurf has, on information and belief, learned that Dobson improperly disclosed, disseminated, or shared FieldTurf's highly confidential bid and proposal information, among other things. This information included FieldTurf's product specifications, detailed systems for fastening the synthetic turf grass to the runway side, proprietary installation techniques for the synthetic turf grass/infill, and detailed drawings of the airport runway edges such as: standard curb, recycled plastic curb, notched edge detail with concrete, notched edge detail with asphalt, square edge detail with asphalt, square edge detail with concrete, notched edge detail with asphalt shoulder, and square edge detail with concrete runway. FieldTurf has developed this information at substantial investment over time.

In addition to improperly disseminating FieldTurf's highly confidential and proprietary information, on March 27, 2007, FieldTurf has, on information and belief, learned that Dobson and AirSide are invited to submit a bid on an artificial turf installation project at Baltimore/Washington International Airport ("BWI"). The deadline to submit a bid is April 16, 2007. Air FieldTurf has not been invited to bid, and BWI has refused to return its telephone calls. Since Dobson has a blueprint of FieldTurf's highly confidential, proprietary, and trade secret bid and proposal information, Dobson will likely take advantage of the investment of time and money FieldTurf has devoted to the development of such information, and inevitably utilize that information to prepare the bid.

In lieu of the above happenings, time is of the essence.  As mentioned above, FieldTurf has also filed concurrently herewith a Motion for *Ex Parte* Temporary Restraining Order and Preservation of Documents, Software, and Things to temporarily enjoin Dobson and AirSide from misappropriating FieldTurf's confidential, proprietary, and trade secret information.

It may also become necessary to serve third party subpoenas duces tecum on individuals and entities to obtain testimony and documents, outside of FieldTurf's control, which are critical to the proper preparation of FieldTurf's case.

FieldTurf believes that the damage it is experiencing is irreparable and that the magnitude of such damage increases daily.  The expedited discovery requested is absolutely necessary to facilitate at least temporary satisfaction through a preliminary injunction.  Absent same, the irreparable damage continues to FieldTurf – while creating an unwarranted and unjustified benefit to Defendants.

Based upon the above, FieldTurf intends to file a motion for a preliminary injunction preserving its property rights and business reputation.  In the absence of the requested expedited and early discovery, FieldTurf believes it will be severely prejudiced in that it will continue to lose potential sales of its own synthetic turf for use at airports while its potential business relationships and potential market share become irreparably tarnished and/or hindered.

The information FieldTurf seeks is reasonable in scope, is in the exclusive possession of Defendants and third parties, and cannot be ascertained without discovery.

The imminence and severity of irreparable harm to FieldTurf and the interests of justice require that the time periods for depositions and document production be shortened and expedited by this Court.

## **LEGAL AUTHORITY**

Under the Federal Rules of Civil Procedure, a court is granted certain authority to vary from the timing strictures of the Federal Rules to promote justice between the parties. *See, e.g.*, F.R.C.P. 34(b). One of the provisions provided to courts under the Federal Rules of Civil Procedure is the right to expedite discovery when the circumstances of the case so warrant. *See, e.g.*, F.R.C.P. 26(d), 30(a), 34(b).

While Courts generally discourage discovery until the 26(f) meeting, *see Epps v. Lauderdale County,* 139 F. Supp. 2d 859, 868 (W.D. Tenn. 2000), the rule nonetheless permits the court to set the timing of discovery "for the convenience of the parties and the witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). The rule allows the district court to order discovery early in the case and to order expedited discovery upon a showing of good cause. *See Yokohama Tire Corp. v. Dealers Tire Supply, Inc.,* 202 F.R.D. 612, 614 (D. Ariz. 2001). Courts have held that good cause exist for expedited discovery when a plaintiff seeks a preliminary injunction. *In re Paradise Valley Holdings, Inc.*, 45 Bankr. Ct. Dec. 273 at *4 (Bankr. E.D. Tenn. 2005). Expedited discovery, however, is the exception, and not the rule. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill, 1986).

In *Merrill Lynch*, the court adopted a two step inquiry: (1) as a threshold inquiry, the moving party must make a *prima facie* showing of the need for the <u>expediting</u> of the discovery; and (2) the discovery sought must be reasonable given all of the surrounding circumstances of the case. *Id*. FieldTurf can demonstrate both of these elements, and the Court should grant the expedited discovery request.

## FIELDTURF HAS A NEED FOR THE EXPEDITED DISCOVERY

As explained in more detail above, the Verified Amended Complaint, as well as in the Motion for Ex Parte Temporary Restraining Order, FieldTurf is being irreparably harmed by the Defendants' activities. In order to temporarily prevent the continuing harm, FieldTurf is filing concurrently herewith a motion for temporary restraining order to enjoin Defendants from, among other things, misappropriating FieldTurf's confidential, proprietary, and trade secret information. The discovery requested herein is necessary for FieldTurf to support the elements for an expedited preliminary injunction and, as demonstrated in more detail below, are only directed to the four topics upon which FieldTurf intends to seek preliminary injunctive relief.

## THE DISCOVERY REQUESTS ARE LIMITED

Plaintiffs have only requested a limited amount of discovery, specifically addressed and reasonably related to two topics: (1) the misappropriation of FieldTurf's confidential, proprietary, and trade secret information; and, (2) tortious interference with business relations. *See, e.g.*, Exhibit A, Exhibit B, and Exhibit C.

The Complaint identified five counts against Defendants, each count having separate and distinct elements. However, the limited discovery currently requested is directed to only the two specific and limited topics identified above. Therefore, based upon the potential scope of discovery with respect to all of the counts alleged in the Complaint, the discovery requested herein is directed only to two specific topics and is reasonable based upon the further irreparable harm FieldTurf intends to prevent.

## CONCLUSION

In sum, FieldTurf is filing concurrently with this Motion a Motion for Temporary Restraining Order (and intends to file a subsequent motion for Preliminary Injunction) to prohibit

6

further irreparable damage and injury to FieldTurf. However, without the limited and specific discovery requested herein, FieldTurf does not believe such ongoing irreparable damage and injury can be quickly prevented. Accordingly, FieldTurf respectfully requests that the Court grant its Motion for Expedited and Early Discovery.

                                                             Respectfully submitted


DATED: March 29, 2007                          /s/ Jovan N. Jovanovic
                                                     Jovan N. Jovanovic (P66644)
                                                     The Watson IP Group, PLC
                                                     3133 Highland Drive, Suite 200
                                                     Hudsonville, MI 49426
                                                     (616) 855-1521 Telephone
                                                     (866) 369-7391 Facsimile
                                                     Jjovanovic@watson-ip.com

                                                     ATTORNEYS FOR PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| FIELDTURF USA, INC., a Florida corporation, and FIELDTURF TARKETT INC., a Canadian company,<br><br>Plaintiffs,<br><br>v.<br><br>AIRSIDE TURF, INC., a Michigan corporation, and JOSEPH DOBSON, an individual,<br><br>Defendants. | CIVIL ACTION NO. 07-11306<br><br><br><br><br><br>**DEMAND FOR JURY** |

**PROOF OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the following documents:

Verified Amended Complaint;

Motion for Expedited Discovery with Memorandum in Support thereof and Proposed Order; and

Motion for Ex Parte Temporary Restraining Order with Memorandum in Support thereof and Proposed Order;

was transmitted by email and by Overnight Courier to:

Henry J. Andries, Jr.
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
handries@honigman.com

                                          /s/ Jovan N. Jovanovic
                                          Jovan N. Jovanovic