IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FIELDTURF USA, INC., a Florida corporation, and FIELDTURF TARKETT INC., a Canadian company,<br><br>Plaintiffs,<br><br>v.<br><br>AIRSIDE TURF, INC., a Michigan corporation, and JOSEPH DOBSON, an individual,<br><br>Defendants. | CIVIL ACTION NO.: 07-11306 |

## PROPOSED EXPEDITED DISCOVERY DOCUMENT REQUESTS

Plaintiffs FieldTurf USA, Inc. and FieldTurf Tarkett Inc. (collectively "FieldTurf"), pursuant to Fed. R. Civ. P. 34 and Court order granting leave to serve this expedited discovery, request that Defendants Joseph Dobson and AirSide Turf, Inc. (collectively "Defendants") produce and permit FieldTurf to inspect and copy the following designated documents and things that are in the possession, custody and/or control of any of Defendants, such production to be at the law offices of FACTOR & LAKE, LTD., 1327 W. Washington Blvd., Suite 5G/H, Chicago, Illinois 60607 or at any other place mutually agreeable to counsel for Plaintiffs and Defendants no later than the date provided by Fed. R. Civ. P. 34(b).

## DEFINITIONS

The following definitions apply to each of the requests set forth below and are deemed to be incorporated by reference therein:



Exhibit A

1. The term "Defendants" shall mean, collectively, Joseph Dobson and AirSide Turf, Inc., as well as their officers, directors, agents, employees, representatives or other persons acting, or purporting to act, on behalf of Defendants.

2. "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

3. The word "Document" shall mean any writing, recording or photograph in actual or constructive possession, custody, care or control of Defendants, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings. A draft or non-identical copy is a separate document within the meaning of this term.

4. "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

5. "Person" shall mean any natural person, corporation, association, firm, partnership or other business or legal entity.

6. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7. The terms "Concerning" and "Concern" shall mean: relates to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

8. The terms "All" and "Each" shall be construed as all and each.

9. The use of the singular form of any word includes the plural and vice versa.

10. The term "Including" shall mean "including without limitation."

11. The connectives "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The term "Third Party" or "Third Parties" shall mean individuals or entities that are not a party to this action.

13. A document is deemed to be in your "control" if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof.

14. The term "relate" or "relates" means, in addition to the customary and usual meaning, discuss or discusses, mention or mentions, embody or embodies, concern or concerns, contain or contains, constitute or constitutes, refer or refers, evidence or evidences, negate or negates, tend or tends to negate, reflect or reflects, describe or describes, pertain or pertains, assess or assesses, record or records, show or shows, support or supports, tend or tends to support, underlie or underlies, and without limitation in any way legally, logically or factually connected with the matter discussed.

## INSTRUCTIONS

A. Unless otherwise indicated, each request covers documents dated, generated, received, pertaining to, or, if in a contract or agreement, in effect on or after December 2005. These requests shall be continuing in nature so as to require production of all documents now in defendants' possession, custody or control, as well as all such documents that come into defendants' possession, custody or control at any time prior to a final judgment or settlement in this action.

B. Unless otherwise indicated, each request is unlimited as to geographic origin or region implicated, and includes all documents both national and international in scope.

C. Each document that is responsive to these requests must be produced in its entirety, including all attachments and exhibits, even if only a portion of the document is related to the specific subject matter. This means that an uncut, unexpunged and unedited copy of a responsive document shall be submitted, including all appendices, tables or other attachments. If an appendix, table or other attachment is not presented with the original but is attached to a copy thereof or is otherwise available, it should be submitted and clearly marked to indicate the document to which it corresponds. With the exception of privileged material, no document or portion thereof should be masked, redacted, edited or deleted in any manner.

D. If any document is in a language other than English and an English language translation or summary of the document is in the defendants' possession, it should be submitted attached to the respective non-English document.

E. In lieu of original documents, you may submit legible copies of documents. If the coloring of (or on any part of) the document communicates any substantive information, a like-colored photocopy or the original document must be submitted. If copies of documents are submitted in lieu of originals, they must be accompanied by an affidavit of an officer of the respective defendant stating that the copies are true, correct and complete copies of the original documents.

F. These requests call for all responsive documents in the possession, custody or control of the Defendants Joseph Dobson and AirSide Turf, Inc., including, without limitation, those documents held by any of the officers, directors, employees, agents, attorneys or representatives of the Defendants Joseph Dobson and AirSide Turf, Inc., whether or not such

4

documents are on Defendants' premises. If any such person is unwilling to have his or her files searched or is unwilling to produce responsive documents, state individually as to each such person his or her: name, address, telephone number and relationship to the Defendants. If a document is within your control, but is not in your possession or custody, identify by name and address the person with possession or custody.

G.  If any document responsive to a particular request no longer exists, but is known or believed to have existed, state for each such document the circumstances under which it was lost or destroyed or the circumstances due to which it is no longer in existence, and identify and provide a summary for each such document to the fullest extent possible. For each such document, also provide the approximate date of its loss or destruction and identify all persons having knowledge of its contents.

H.  If any document is withheld from production based on a claim of privilege, provide a list that identifies each such document, together with the following information: (a) the date of the document; (b) the name of its author(s) or preparer(s), and an identification by employment and title of each such person; (c) the name of each person who received, viewed or had custody of, or was sent or furnished with the document, together with an identification of each such person; (d) a brief description of the document; (e) a statement of the basis for the claim of privilege; and (f) the paragraph of these requests to which the document relates. If any document relates in any way to a meeting or to any other conversation, identify all participants in the meeting or conversation.

I.  The following requests shall be deemed to be continuing so as to require further and supplemental production of documents by you in accordance with the requirements of Fed. R. Civ. P. 26(e).

## REQUESTS

**Document Request No. 1:**

Any and all documents which record, refer, relate or in any way identify FieldTurf or its Air FieldTurf Division.

**Document Request No. 2:**

Any and all documents which record, refer, relate and/or were disseminated to any competitor in the synthetic turf industry, including but not limited to any and all communications, in any form of media, to AvTurf, LLC, Sportexe, Triexe Management, Mark Nichols and/or Bill Schomberg.

**Document Request No. 3:**

Any and all documents which record, refer or relate to any and all communications with or to any and all customers or prospective customers having anything to do with the use and/or purchase of synthetic turf at an airport, including any and all communications to or from any representatives of Baltimore/Washington International Airport, Maryland Aviation Administration, and/or Maryland Department of Environmental Protection.

**Document Request No. 4:**.

Mirror images of all PDA's, portable computer hard drives, portable flash memory cards or sticks and any hard drives used on or in association with any and all computers owned and/or operated by Joe Dobson, Airside Turf, and/or Sandy DeSilva.

Respectfully submitted

DATED: March ___, 2007

_____
Jovan N. Jovanovic (P66644)
The Watson IP Group, PLC
3133 Highland Drive, Suite 200
Hudsonville, MI 49426
(616) 855-1521 Telephone
(866) 369-7391 Facsimile
Jjovanovic@watson-ip.com

ATTORNEYS FOR PLAINTIFFS