IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FIELDTURF USA, INC., a Florida corporation, and FIELDTURF TARKETT INC., a Canadian company,<br><br>Plaintiffs,<br><br>v.<br><br>AIRSIDE TURF, INC., a Michigan corporation, and JOSEPH DOBSON, an individual,<br><br>Defendants. | CIVIL ACTION NO._____<br><br><br><br><br><br>DEMAND FOR JURY |

**[PROPOSED] NOTICE OF DEPOSITION OF [THIRD PARTY DEPONENT]**

TO:   ATTORNEY OF RECORD

PLEASE TAKE NOTICE that, pursuant to the Federal Rules of Civil Procedure and a Court Order dated **[INSERT DATE]**, FieldTurf USA, Inc. and FieldTurf Tarkett Inc. by their undersigned attorneys, shall take the deposition of **[NAME]** to testify about the topics of Schedule A (attached hereto) on a **[INSERT DATE]** and at the offices of Factor & Lake, Ltd, 1327 W. Washington Blvd. Suite 5G/H, Chicago, Illinois 60607 or another mutually agreeable location. The deposition will be taken upon oral examination before a duly authorized or certified shorthand reporter and will continue from day to day until completed.

You are invited to attend and cross-examine.

FACTOR & LAKE, LTD.

Dated: March 28, 2007

By: _____
Jody L. Factor
Nicholas S. Lee
1327 W. Washington Blvd.
Suite 5G/H
Chicago, Illinois 60607
Telephone: (312) 226-1818
Telecopier: (312) 226-1919
*ATTORNEYS FOR PLAINTIFFS*


Exhibit C

## SCHEDULE A

## DEFINITIONS

1. The term "Defendants" shall mean, collectively, Joseph Dobson and AirSide Turf, Inc., as well as their officers, directors, agents, employees, representatives or other persons acting, or purporting to act, on behalf of Defendants.

2. The word "document" shall mean any writing, recording or photograph in actual or constructive possession, custody, care or control of Defendants, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings. A draft or non-identical copy is a separate document within the meaning of this term.

3. "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

4. "Person" shall mean any natural person, corporation, association, firm, partnership or other business or legal entity.

5. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6. The terms "concerning" and "concern" shall mean: relates to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

7. The terms "all" and "each" shall be construed as all and each.

8. The use of the singular form of any word includes the plural and vice versa.

9. The term "including" shall mean "including without limitation."

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. The term "third party" or "third parties" shall mean individuals or entities that are not a party to this action.

## **TOPICS FOR DEPOSITION**

1. Any and all communications to or from the Defendants concerning FieldTurf, AvTurf, Sportexe, and/or Triexe Management.

2. Any and all communications to and from the Defendants concerning any synthetic turf installation project at airports, including Baltimore/Washington International Airport.